**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10061 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:18-cr-00131-RM-LAB-3 |
| ERIK ISAAC CAMACHO-MEDINA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 2, 2020**

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Erik Isaac Camacho-Medina appeals from the district court's judgment and

challenges the order of forfeiture imposed following his guilty-plea conviction for

making false statements in connection with the acquisition of a firearm, in

violation of 18 U.S.C. § 922(a)(6).  We have jurisdiction under 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Camacho-Medina contends that the district court lacked sufficient evidence to impose the $10,307.20 money judgment contained in the order of forfeiture. However, the record reflects that Camacho-Medina stipulated to forfeiture of the challenged sum as part of his guilty plea. Accordingly, the district court did not err by not requiring the government to present additional evidence in support of the sum. *See* Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) ("In most cases, an admission by the defendant suffices to prove the factual basis for criminal forfeiture."), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

**AFFIRMED.**